**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**K.B.,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 1:25-CV-249**

**UNITED STATES OF AMERICA, and**
**CORRECTIONS OFFICER JAMES BENNETT,**

**Defendants.**

**UNITED STATES OF AMERICA'S MOTION TO STAY, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**

Comes now the Defendant, the United States of America, by and through Christopher J. Prezioso, Assistant United States Attorney for the Northern District of West Virginia and respectfully request that this Court stay this civil proceeding pending the resolution of a related criminal case, or in the alternative, grant Defendant an extension of time to file its responsive pleading. In support of this Motion, the Defendant states as follows:

1. Plaintiffs filed the instant action on October 24, 2022, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. In her Complaint, Plaintiff asserts her Bivens claims against Defendant James Bennett and alleges several breaches of duty against the United States.

2. Defendant Bennett was subsequently charged with Sexual abuse of a minor, a ward, or an individual in Federal custody, and Abusive Sexual Contact in Criminal Case No. 5:24CR139. Those charges are still pending, with the trial set to begin on October 14, 2025. See ECF No. 62, Case No. 5:24CR139.

3. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants.'" *Maryland v. Universal Elections, Inc.,* 729 F.3d 370, 379 (4th Cir. 2013) (*quoting Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)).

4. Courts have discretionary authority to stay civil litigation in light of parallel or related criminal proceedings. The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989).

5. Defendant Bennett's parallel criminal proceedings are based upon the exact same factual circumstances as the instant case. Thus, staying the civil proceeding and allowing the criminal case to proceed may narrow the issues and streamline discovery in the civil proceeding.[1]

6. A stay pending resolution of Defendant Bennett's criminal case is likely to be resolved without inordinate delay because the trial is scheduled to occur in October, and thus, such a stay would not be indefinite. Furthermore, the outcome of Defendant Bennett's criminal case may assist in resolving the issues addressed in the present civil action. Thus, a stay of these proceedings pending the resolution of Criminal Case No. 5:24CR139 would be in the interests of justice and judicial economy and will not prejudice the plaintiff.

7. Alternatively, should a Stay not be granted, the United States requests a ninety-day extension to file a responsive pleading as the United States Attorney's Office for the Northern District of West Virginia has only recently been assigned to the matter.

Wherefore, the United States respectfully moves this Court to stay any further proceedings in this civil action until after sentencing in Defendant Bennett's parallel criminal proceeding, or in

[1] Notably, Defendant Bennett has also asked this Court to Stay the present civil proceeding pending resolution of his related criminal case. *See* ECF No. 9.

the alternative, grant Defendant a ninety-day extension to file a responsive pleading, and any other relief deemed appropriate by the Court

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By: */s/ Christopher J. Prezioso*
Christopher J. Prezioso WVSB #9384
Assistant United States Attorney
United States Attorney's Office
1125 Chapline Street, Suite 3000
P.O. Box 591
Wheeling, WV 26003
(304) 234-0100 office
(304) 234-0110 facsimile
christopher.j.prezioso@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system.

*/s/ Christopher J. Prezioso*
Assistant United States Attorney